## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOE J. MONGE,
ROSANA E. MONGE, and
JOSEPH J. MONGE, JR.,

    Plaintiffs,

v.                                                                                                                                  No. 20-cv-1118 SMV

NEVAREZ LAW FIRM,
BANK OF NEW YORK MELLON,
FRANCISCO J. JAYME, ALICIA ROJAS,
ARACELLI HERRERA,
ROSE L. BRAND & ASSOCIATES,
NEW MEXICO FINANCE AUTHORITY,
NEW MEXICO MORTGAGE FINANCE AUTHORITY,
CITY OF SUNLAND PARK,
CARRINGTON MORTGAGE,
DOÑA ANA TITLE COMPANY,
STEVE PARSLEY, SHAWNA BLOUNT,
FIRST AMERICAN TITLE GUARANTY CO.,
FIRST AMERICAN FINANCIAL CORP.,
SIERRA TITLE, DAVID PUENTE, VANESSA PARGA,
LOS RANCHOS DEL RIO PROPERTY
OWNERS ASSOCIATION, INC.,
BANK OF AMERICA CORP., and
COUNTRYWIDE HOME LOANS, INC.,

    Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER is before the Court on Plaintiffs' Complaint [Doc. 1], filed October 29, 2020. The Complaint, which comprises 307 pages, fails to comply with Fed. R. Civ. P. 8 and fails

to state a claim on which relief can be granted. Plaintiffs are granted leave to amend their complaint, which may be no longer than 35 pages, no later than December 4, 2020.[1]

Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response. Fed. R. Civ. P. 12(f) provides that the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Rule 8(a) requires that a complaint set out a short, plain statement of the claims showing that the pleader is entitled to relief. Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Plaintiffs' Complaint comprise 307 pages. These voluminous filings do not constitute a "short and plain statement" under Rule 8. They render Plaintiffs' Complaint vague and ambiguous and make it impossible for an opposing party to formulate any reasonable response to the Complaint. Rather than striking the Complaint at this time, the Court will grant Plaintiffs leave to file an amended complaint—not exceeding 35 pages—that meets the requirements of Fed. R. Civ. P. 8 and D.N.M.LR-Civ. 10.4.

Moreover, many of the federal causes of action asserted in the Complaint fail to state a claim on which relief can be granted. For example, many of the causes of action seek relief pursuant to various criminal statutes. *See* [Doc. 1] at 101–102, 120–261 (asserting causes of action pursuant to 18 U.S.C. §§ 241, 1341, 1343, 1028, 1029, 1344, 1503, 1952, 1956, 1957, 1960, 2314, 2315, 152). Those criminal statutes do not provide for private civil causes of action. *See, e.g.*, *Newcomb v. Ingle,* 827 F.2d 675, 677 n.1 (10th Cir. 1987) (noting § 241 does not authorize a

---

[1] Any amended complaint will supplant the original Complaint; it will not serve as a supplement. In other words, any amended complaint will replace the original Complaint. The amendment will not add to the original Complaint.

private right of action); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The Complaint also seeks relief pursuant to the Truth in Lending Act, 16 U.S.C. § 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") but does not cite which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated. *See* [Doc. 1] at 113–14. TILA and RESPA do not provide a private right of action for every violation of TILA and RESPA. *See, e.g.*, *Smeyres v. Gen. Motors Corp.* 820 F.2d 782, 783–84 (6th Cir. 1987) (TILA); *In re Salvador*, 456 B.R. 610, 624 (Bankr. M.D. Ga. 2011) (RESPA). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While many of the causes of action can be dismissed for failure to state a claim, the Court will give Plaintiffs an opportunity to file an amended complaint.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

The Court notifies Plaintiffs that:

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants, and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs may file an amended complaint setting forth a plain, simple, concise, and direct statement of their claim in compliance with Fed. R. Civ. P. 8 no later than **December 4, 2020**. The entire length of the amended complaint may not exceed **35 pages**. Failure to timely file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**