IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE J. MONGE,
ROSANA E. MONGE, and
JOSEPH J. MONGE, JR.,

    Plaintiffs,

v.                                                                                                                                                                 No. 20-cv-1118 SMV

NEVAREZ LAW FIRM,
BANK OF NEW YORK MELLON,
FRANCISCO J. JAYME, ALICIA ROJAS,
ARACELLI HERRERA,
ROSE L. BRAND & ASSOCIATES,
NEW MEXICO FINANCE AUTHORITY,
NEW MEXICO MORTGAGE FINANCE AUTHORITY,
CITY OF SUNLAND PARK,
CARRINGTON MORTGAGE,
DOÑA ANA TITLE COMPANY,
STEVE PARSLEY, SHAWNA BLOUNT,
FIRST AMERICAN TITLE GUARANTY CO.,
FIRST AMERICAN FINANCIAL CORP.,
SIERRA TITLE, DAVID PUENTE, VANESSA PARGA,
LOS RANCHOS DEL RIO PROPERTY
OWNERS ASSOCIATION, INC.,
BANK OF AMERICA CORP., and
COUNTRYWIDE HOME LOANS, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on Plaintiffs' Amended Complaint [Doc. 9], filed on April 6, 2021. On review of the Amended Complaint, the Court finds that it does not cure the deficiencies in the original Complaint, despite meeting the 35-page limit. *See* [Doc. 4]. Moreover, it appears that Plaintiffs' Amended Complaint is barred by the *Rooker-Feldman* doctrine. Thus, Plaintiffs will be ordered to show cause why the case should not be dismissed.

On November 4, 2020, the Court notified Plaintiffs that their original 307-page Complaint failed to comply with Fed. R. Civ. P. 8 and failed to state a claim on which relief could be granted, and granted Plaintiffs leave to amend their Complaint. *See* [Doc. 4] at 1–2. The Court explained that the original Complaint did not contain a "short and plain statement" under Rule 8 and that it was "vague and ambiguous," and thus "impossible for an opposing party to formulate any reasonable response to the Complaint." *Id.* at 2. The Court also notified Plaintiffs that the original Complaint contained "causes of action [that] seek relief pursuant to various criminal statutes" but that the "criminal statutes do not provide for private civil causes of action." *Id.* Finally, the Court stated:

> The Complaint also seeks relief pursuant to the Truth in Lending Act, 16 U.S.C. § 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") but does not cite which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated. *See* [Doc. 1] at 113–14. TILA and RESPA do not provide a private right of action for every violation of TILA and RESPA. . . . A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Id.* at 3 (internal citations omitted).

Plaintiffs' Amended Complaint does not cure the deficiencies in the original Complaint. The Amended Complaint names 21 Defendants. *See* [Doc. 9] at 1. The Amended Complaint is so vague that Defendants cannot reasonably prepare a response because, with some exceptions, the allegations do not identify which Defendants did what to Plaintiffs. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Several of the Defendants are not even mentioned by

name in any of the allegations. *See generally* [Doc. 9] (failing to mention, out of the case caption: Nevarez Law Firm, City of Sunland Park, Carrington Mortgage, Sierra Title, David Puente, Vanessa Parga, Los Ranchos del Rio Property Owners Assoc., Inc.). Moreover, there are some persons, not listed in the caption of the Amended Complaint as Defendants, that are referred to as Defendants in some allegations. *See id.* at 21 (referencing "SELBY" and "Defendants ZACOUR and PAUL G. ZACOUR"). Furthermore, the Amended Complaint again asserts claims pursuant to TILA and RESPA but does not cite which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated. *See id.* at 21, 28. The Amended Complaint also alleges violations of criminal statutes. *See id.* at 23, 25, 29, 34 (referencing criminal statutes 18 U.S.C. § 1029, 18 U.S.C. § 1341, 18 U.S.C. § 1344, and 18 U.S.C. § 241).

Similarly, Plaintiffs' Amended Complaint appears to be barred by the *Rooker-Feldman* doctrine. The doctrine "bars federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In sum, "[w]here the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction." *Id.* Here, this action arises out of a foreclosure action on real property "known as 105 Thoroughbred Court, Santa Teresa, NM 88008." [Doc. 9] at 10. In the foreclosure action, the Third Judicial District Court ordered that the mortgage on 105 Thoroughbred Court is "foreclosed, together with all rights in the mortgaged property of [Joe Monge and Rosana Monge]" and that "Plaintiff [Bank of New York Mellon] [has] *in rem* judgment and [will] recover the total sum of

3

$1,565,082.90." *See* Order Granting Plaintiff's Motion for *in rem* Summary Judgment, Default Foreclosure Judgment, and Order for Foreclosure Sale at 12–13, *Bank of New York Mellon v. Monge*, No. D-307-CV-2016-01838 (N.M. 3d Dist. Ct. Jan. 10, 2019). Here, Plaintiffs seek: to recover damages from Defendants arising from the "[i]llegal [f]oreclosure" in state court, "to quiet title," and "a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that . . . Defendants be declared to have no . . . estate, right, title[,] or interest in the subject property and that the Defendants . . . be forever enjoined from asserting any estate, right[,] title[,] or interest in the Subject Property." [Doc. 9] at 16. Thus, because Plaintiffs seek to undo the state-court judgment, it appears that this action is barred by the *Rooker-Feldman* doctrine. *See Velasquez*, 775 F. App'x at 422.

   **IT IS THEREFORE ORDERED** that Plaintiffs show cause: (i) why the Court should not dismiss this action without prejudice for failure to cure the deficiencies in the original Complaint as discussed above; and (ii) why this action is not barred by the *Rooker-Feldman* doctrine. Plaintiffs' show-cause response is due no later than **May 17, 2021**. Failure to timely show cause may result in dismissal of this case.

   **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**