IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE J. MONGE,
ROSANA E. MONGE, and
JOSEPH J. MONGE, JR.,

      Plaintiffs,

v.                                                                             No. 2:20-cv-01118-MV-SMV

NEVAREZ LAW FIRM, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Second Amended Complaint, Doc. 11, filed May 17, 2021.

**Background**

United States Magistrate Judge Stephan M. Vidmar notified Plaintiffs that their original 307-page Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim on which relief can be granted. *See* Doc. 4 at 1-2, filed November 4, 2020. Judge Vidmar explained that the original Complaint does not constitute a "short and plain statement" of the claims showing that the pleader is entitled to relief and that the original Complaint is "vague and ambiguous [making] it impossible for an opposing party formulate any reasonable response to the Complaint." Doc. 4 at 2. Judge Vidmar also notified Plaintiffs that "many of the causes of action seek relief pursuant to various criminal statutes ... [and] [t]hose criminal statutes do not provide for private civil causes of action." Doc. 4 at 2. Finally, Judge Vidmar stated:

> The Complaint also seeks relief pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Real Estate Settlement Procedures Act,

> 12 U.S.C. § 2601 *et seq.* ("RESPA") but does not cite which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated. *See* [Doc. 1] at 113-14. TILA and RESPA do not provide a private right of action for every violation of TILA and RESPA. . . . A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Doc. 4 at 3. Judge Vidmar granted Plaintiffs leave to file an amended complaint.

Judge Vidmar notified Plaintiffs that their Amended Complaint did not cure the deficiencies in the original Complaint and stated: "The Amended Complaint is so vague that Defendants cannot reasonably prepare a response because, with some exceptions, the allegations do not identify which Defendants did what to Plaintiffs. . . . The Amended Complaint asserts claims pursuant to TILA and RESPA but does not cite which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated. . . . The Amended Complaint also alleges violations of criminal statutes." Doc. 10, filed April 26, 2021. Judge Vidmar further stated that this case, which arises from a foreclosure action in state court, "appears to be barred by the *Rooker-Feldman* doctrine," which "bars federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Doc. 10 at 3. Judge Vidmar ordered Plaintiffs to show cause why the Court should not dismiss this action without prejudice for failure to cure the deficiencies in the original Complaint and why this action is not barred by the *Rooker-Feldman* doctrine. Plaintiffs subsequently filed their Second Amended Complaint.

**Claims Based on Alleged Violations of Criminal Statutes**

Despite Judge Vidmar notifying Plaintiffs that "criminal statutes do not provide for private civil causes of action," the Second Amended Complaint alleges that some Defendants violated criminal statutes. *See* Second Amended Complaint ¶¶ 15, 27, 34-35, 40, 61, 70 (asserting claims

2

pursuant to 18 U.S.C. § 1341, Frauds and swindles; 18 U.S.C. § 287, False, fictitious or fraudulent claims; 18 U.S.C. § 1344, Bank fraud; 18 U.S.C. § 1029, Fraud and related activity in connection with access devices; 18 U.S.C. § 1503, Influencing or injuring officer or juror generally; 18 U.S.C. § 241, Conspiracy against rights). The Court dismisses with prejudice those claims to the extent that they are based on alleged violations of criminal statutes. *See Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003) (criminal statutes do not provide for private civil causes of action).

*Rooker-Feldman* **Doctrine**

Judge Vidmar notified Plaintiffs that their Amended Complaint appears to be barred by the *Rooker-Feldman* doctrine stating:

> The doctrine "bars federal district courts from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In sum, "[w]here the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction." *Id.* Here, this action arises out of a foreclosure action on real property "known as 105 Thoroughbred Court, Santa Teresa, NM 88008." [Doc. 9] at 10. In the foreclosure action, the Third Judicial District Court ordered that the mortgage on 105 Thoroughbred Court is "foreclosed, together with all rights in the mortgaged property of [Joe Monge and Rosana Monge]" and that "Plaintiff [Bank of New York Mellon] [has] *in rem* judgment and [will] recover the total sum of $1,565,082.90." *See* Order Granting Plaintiff's Motion for *in rem* Summary Judgment, Default Foreclosure Judgment, and Order for Foreclosure Sale at 12–13, *Bank of New York Mellon v. Monge*, No. D-307-CV-2016-01838 (N.M. 3d Dist. Ct. Jan. 10, 2019). Here, Plaintiffs seek: to recover damages from Defendants arising from the "[i]llegal [f]oreclosure" in state court, "to quiet title," and "a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that . . . Defendants be declared to have no . . . estate, right, title[,] or interest in the subject property and that the Defendants . . . be forever enjoined from asserting any estate, right[,] title[,] or interest in the Subject Property." [Doc. 9] at 16. Thus, because Plaintiffs seek to undo the state-court judgment, it appears that this action is barred by the *Rooker-Feldman* doctrine. *See Velasquez*, 775 F. App'x at 422.

Order to Show Cause at 3-4, Doc. 10, filed April 26, 2021. Judge Vidmar ordered Plaintiffs to show cause why this action is not barred by the *Rooker-Feldman* doctrine.

In response to Judge Vidmar's Order to Show Cause, Plaintiffs filed a Second Amended Complaint in which Plaintiffs seek to undo the state-court judgment in that they: (i) "dispute Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the 'Real Property'), which is the subject of this instant action"; (ii) state that "Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate"; (iii) seek "a judicial determination and declaration of its rights about the Real Property"; (iv) state that the Bank of New York Mellon "has No Standing and No Authority to foreclose on" Plaintiffs; and (v) state that the state-court judgment "must be vacated."

Plaintiffs assert that "[t]he state-court judgment was not 'final' for purposes of the *Rooker-Feldman* doctrine because the state-court judgment was, Plaintiff alleges, unconstitutional and Void." Second Amended Complaint 39. Plaintiffs have not alleged any facts indicating that the State of New Mexico Court of Appeals ruled that the state-court judgment was unconstitutional and void, or that the State District Court amended or altered its judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"). The Court dismisses Plaintiffs' claims that are based on the state-court judgment as barred by the *Rooker-Feldman* doctrine.

**Claims Pursuant to TILA and RESPA**

The Second Amended Complaint, like the original Complaint and the Amended Complaint, seeks relief pursuant to the TILA and RESPA. Judge Vidmar notified Plaintiffs twice that: (i)

4

TILA and RESPA do not provide a private right of action for every violation of TILA and RESPA; (ii) Plaintiffs have not cited which specific provisions of TILA and RESPA Plaintiffs allege Defendants violated; and (iii) "A complaint must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Doc. 4 at 3 (notifying Plaintiffs that the original Complaint failed to state claims pursuant to TILA and RESPA); Doc. 10 at 2 (notifying Plaintiffs that the Amended Complaint failed to state claims pursuant to TILA and RESPA).

The Court dismisses Plaintiffs' claims pursuant to TILA and RESPA as barred by the statute of limitations. The Second Amended Complaint only makes the conclusory allegation that eleven Defendants conspired to refuse "to provide a good faith estimate of the costs of the loans, prior to closing." Second Amended Complaint at 36. Plaintiffs allege that the failure to provide an estimate of the costs of the loans violated TILA and RESPA's disclosure requirements. *See* Second Amended Complaint at 36. While Plaintiffs still have not identified the specific provisions of TILA and RESPA that they allege Defendants violated, they cited 12 C.F.R 1024.30-.41, which relate to disclosures regarding mortgage loans, suggesting that they are alleging that Defendants violated TILA's disclosure requirements for certain mortgages, 15 U.S.C. § 1639, and RESPA's disclosure requirement for the servicing of mortgage loans, 12 U.S.C. § 2605. Actions for violations of these provisions must be brought within three years of a violation. *See* 15 U.S.C. § 1640; 12 U.S.C. § 2614. Plaintiffs do not state which loans are at issue here, but the Second Amended Complaint references a "February 27, 2006 closing date," and "a Uniform Residential Loan Application" presented on January 10, 2006, on behalf of Plaintiffs Joe Monge and Rosana Monge. Second Amended Complaint at 9, ¶ 10; at 17, ¶ 27.b. Claims based on any alleged disclosure violations relating to these events would be barred by the three-year statute of limitations. The Second Amended Complaint does not reference any loans as to which the failure

5

to comply with the TILA and RESPA disclose requirements would have occurred within the limitations period.

**IT IS ORDERED** that this case is **DISMISSED.** Plaintiffs' claims based on alleged violations of criminal statutes are **DISMISSED with prejudice.** The remainder of Plaintiffs; claims are **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**